1  CDF LABOR LAW LLP
       Dawn M. Irizarry, State Bar No. 223303
2      dirizarry@cdflaborlaw.com
       M. Leah Cameron, State Bar No. 274637
3      lcameron@cdflaborlaw.com
   707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
   Telephone:  (213) 612-6300
5
   Attorneys for Defendant
6  DELTA AIR LINES, INC.

7

8              **UNITED STATES DISTRICT COURT**

9    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11  MARIA ELISABETH AQUINO aka LIZ      ) Case No. TBD
    AQUINO,                             )
12                                      ) (Removed From Santa Clara Superior Court
                    Plaintiff,          ) Case No. 23CV421842)
13         vs.                          )
                                        ) **DEFENDANT DELTA AIR LINES, INC.'S**
14  DELTA AIR LINES, INC., and DOES 1   ) **NOTICE OF REMOVAL PURSUANT TO**
    through 10, inclusive,              ) **28 U.S.C. SECTION 1441**
15                                      )
                    Defendant.          ) [Filed concurrently herewith Civil Cover Sheet;
16                                      ) Corporate Disclosure Statement; Certification
                                        ) of Conflicts and Interested Entities or Persons;
17                                      ) Declaration of Dawn M. Irizarry; and
                                        ) Declaration of Gary Gunnell]
18                                      )
                                        ) Action Filed:   August 29, 2023
19  _____  )

20

21

22

23

24

25

26

27

28

CDF Labor Law LLP

2265934.2

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

# TABLE OF CONTENTS

**Page**

I. BACKGROUND ..................................................................................................... 6

II. JURISDICTION ..................................................................................................... 6

III. DIVISIONAL ASSIGNMENT .............................................................................. 7

IV. SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28
U.S.C. § 1446 ......................................................................................................... 7

V. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL
QUESTION JURISDICTION ................................................................................ 7

VI. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY
JURISDICTION ..................................................................................................... 9

    A.    The Parties Are Completely Diverse ......................................................... 9

    B.    The Amount-in-Controversy Requirement is Satisfied .......................... 10

VII. CONCLUSION ..................................................................................................... 13

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

2265934.2

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**State Cases**

4

*Karras v. Joan Baker Designs Inc.*,
    2008 WL 8126132 ......................................................................................................... 12

5

*Martin v. The "Old" Turner Inn*,
    2003 WL 22416020 ....................................................................................................... 12

6

7

**Federal Cases**

8

*Anthony v. Security Pac. Fin'l Services, Inc.*,
    75 F.3d 311 (7th Cir. 1996) ......................................................................................... 11

9

*Bank One, Texas, N.A. v. Montle*,
    964 F2d 48 (1st Cir. 1992) ............................................................................................. 9

10

*Bell v. Preferred Life Assurance Soc'y*,
    320 U.S. 238 (1943) ..................................................................................................... 12

11

12

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S. Ct. 547 (2014) ................................................................................................... 10

13

*Ellenburg v. Spartan Motors Chassis, Inc.*,
    519 F.3d 192 (4th Cir. 2008) ....................................................................................... 10

14

15

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ..................................................................................... 11

16

*Gibson v. Chrysler Corp.*,
    261 F.3d 927 (9th Cir. 2001) ....................................................................................... 12

17

18

*Goldberg v. CPC Int'l, Inc.*,
    678 F.2d 1365 (9th Cir. 1982) ..................................................................................... 12

19

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ......................................................................................................... 9

20

21

*Hunt v. Washington State Apple Advertising Comm'n*,
    432 U.S. 333 (1977) ..................................................................................................... 11

22

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ......................................................................................... 9

23

24

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ....................................................................................... 9

25

*Luckett v. Delta Airlines* [sic]*, Inc.*,
    171 F.3d 295 (5th Cir. 1999) ....................................................................................... 11

26

27

*McCann v. Newman Irrevocable Trust*,
    458 F3d 281 (3rd Cir. 2006) ......................................................................................... 9

28

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

2265934.2

## TABLE OF AUTHORITIES (cont.)

<b><u>Page(s)</u></b>

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999).............................................................................7

*Osborn v. Haley*,
  549 U.S. 225 (2007).............................................................................8

*Richmond v. Allstate Ins. Co.*,
  897 F.Supp. 447 (S.D. Cal. 1995)......................................................12

*Romo v. FFG Ins. Co.*,
  397 F.Supp.2d 1237 (C.D. Cal. 2005) ...............................................12

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996)..............................................................10

*Singer v. State Farm Mutual Auto Ins. Co.*,
  116 F.3d 373 (9th Cir. 1996)..............................................................13

*Strawbridge v. Curtiss*,
  7 U.S. 267 (1806).................................................................................9

*Tam v. Qualcomm, Inc.*,
  300 F. Supp. 3d 1130 (S.D. Cal. 2018)................................................8

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966).............................................................................8

*White v. FCI USA, Inc.*,
  319 F.3d 672 (5th Cir. 2003)..............................................................12

*Zeppeiro v. Green Tree Servicing, LLC*,
  2014 WL 12596312 (C.D. Cal. June 16, 2014) ................................10

**Federal Statutes and Regulations**

28 U.S.C. section 1331 ...............................................................6, 7, 13

28 U.S.C. section 1332 .....................................................................10

28 U.S.C. section 1332(a)..................................................................10

28 U.S.C. section 1441(a) ...................................................................7

28 U.S.C. section 1441(b) .................................................................13

28 U.S.C. section 1446 (a) ..................................................................7

28 U.S.C. section 1446 (b)(1) .............................................................7

28 U.S.C. section 1446(d).....................................................................7

DEFENDANT DELTA AIR LINES, INC.'S<br>NOTICE OF REMOVAL

2265934.2

1

## TABLE OF AUTHORITIES (cont.)

2

**Page(s)**

3  28 U.S.C. sections 1332 ................................................................................................................. 13

4  28 U.S.C. sections 1332(a), 1441 and 1446 ................................................................................. 7

5  Government Code Section 12945.2 ................................................................................................ 8

6  Government Code section 12945.2(4) ........................................................................................... 6

7  Government Code section 12945.2(5) ........................................................................................... 6

8  Labor Code section  970 ............................................................................................................... 12

9  U.S.C. section 1332(c) ................................................................................................................... 9

10  U.S.C. sections 1331 and 1332 ..................................................................................................... 6

11  U.S.C. sections 1441 and 1446 ..................................................................................................... 6

12  **Federal Rules**

13  Civil L.R. 3-2(c) ............................................................................................................................. 7

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

2265934.2

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant DELTA AIR LINES, INC., ("Delta"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of California for the County of Santa Clara to the United States District Court for the Northern District of California based on the original jurisdiction of this Court under 28 United States Code ("U.S.C") sections 1331 and 1332(a), and removal jurisdiction under 28 U.S.C. sections 1441 and 1446.  In support of this removal, Delta states as follows:

## I. BACKGROUND

1.      On or about August 29, 2023, Plaintiff Maria Elisabeth Aquino aka Liz Aquino ("Plaintiff") commenced this action by filing an unverified Complaint in the Superior Court of California, County of Santa Clara, captioned *Maria Elisabeth Aquino aka Liz Aquino v. Delta Air Lines, Inc., and DOES 1 through 10 inclusive*, and bearing the case number 23CV421842 ("Action").  True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action are attached to this Notice as **Exhibit A**.

2.      In the Complaint, Plaintiff asserts claims for: (1) interference in violation of the Family and Medical Leave Act of 1993 ("FMLA") 29 USCS Ch. 28; (2) retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA") 29 USCS Ch. 28; (3) interference in violation of the California Family Rights Act ("CFRA") Cal. Gov. Code § 12945.2; (4) retaliation in violation of the California Family Rights Act ("CFRA") Cal. Gov. Code § 12945.2; and (5) wrongful termination in violation of public policy. *See* **Exhibit A,** Complaint (hereafter, "Complaint").

3.      On October 18, 2023, Delta filed an Answer to the Complaint in the Santa Clara Superior Court.  *See* **Exhibit A**, Answer.

## II. JURISDICTION

4.      This Court has original jurisdiction over this Action under 28 U.S.C. section 1331, and this case may be removed pursuant to 28 U.S.C. sections 1441 and 1446, because it is a civil

1   action that presents a federal question, as set forth more fully below.  This court additionally has

2   original jurisdiction over this Action under 28 U.S.C. sections 1332(a), 1441 and 1446 as this

3   dispute is between citizens of different states and the amount in controversy is greater than

4   $75,000, as set forth more fully below.

5                                **III.  DIVISIONAL ASSIGNMENT**

6       5.      Pursuant to Civil L.R. 3-2(c), assignment to the San Jose Division of the

7   United States District Court for the Northern District of California is proper because the

8   state court action was originally filed in Santa Clara County and Plaintiff alleges that the purported

9   wrongful conduct occurred in San Jose, California.  Complaint, ¶5.

10  **IV.  SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446**

11      6.      In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District

12  Court of the United States in which the action is pending.  The Superior Court of California,

13  County of Santa Clara is located within the Northern District of California.  Therefore, venue is

14  proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division

15  embracing the place where such action is pending." 28 U.S.C. §1441(a).

16      7.      Delta was served with the Summons and Complaint in this Action on September 19,

17  2023. *See* **Exhibit A**, Proof of Service; Declaration of Dawn Irizarry, ¶ 2.  Therefore, Delta's

18  Notice of Removal is timely under 28 U.S.C. §1446(b)(1).  *Murphy Bros., Inc. v. Michetti Pipe*

19  *Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the

20  summons and complaint).

21      8.      In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served

22  upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of

23  California in the County of Santa Clara and with the Clerk of the Northern District of California.

24  True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

25        **V.  REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION**

26                                    **JURISDICTION.**

27      9.      Plaintiff's claims, as alleged in the Complaint, are removable under 28 U.S.C.

28  section 1331, which provides that "the district courts shall have original jurisdiction of all civil

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

1     actions arising under the Constitution, laws, or treaties of the United States."

2         10.      Plaintiff alleges that Delta interfered with her rights under the federal Family and

3     Medical Leave Act ("FMLA"), 29 U.S.C. Ch. 28 and brings a cause of action for interference in

4     violation of the FMLA. Complaint, ¶¶ 18-25. Plaintiff further alleges that Delta retaliated against

5     her for requesting and taking medical leave by denying her request to transfer to another location

6     and terminating her employment in retaliation for exercising her rights under the FMLA.

7     Complaint, ¶¶ 26-32. Because Plaintiff alleges that Delta's conduct violated her rights under a

8     federal statute (the FMLA), this Court has original jurisdiction over this action. *See* 28 U.S.C.

9     § 1331 ("district courts shall have original jurisdiction of all actions arising under the Constitution,

10     laws, or treaties of the United States").

11         11.      Plaintiff also alleges two causes of action under the California Family Rights Act

12     ("CFRA") Cal. Gov. Code Section 12945.2 and a single cause of action under California common

13     law for wrongful termination in violation of public policy, all of which are predicated on Delta's

14     alleged violations of the FMLA and CFRA, as set forth in Plaintiff's first through fourth causes of

15     action. Complaint, ¶¶ 33-52. The inclusion of these state law causes of action does not defeat

16     removal because the Court has supplemental jurisdiction over the state law claims. 28 U.S.C.

17     §§ 1367(a); 1441(c). Under 28 U.S.C. Section 1367(a), where a court has original jurisdiction over

18     any claims in a civil action, the court has supplemental jurisdiction over other claims that are "part

19     of the same case or controversy." The Supreme Court has held that supplemental jurisdiction may

20     be exercised when federal and state claims have a "common nucleus of operative fact" and would

21     "ordinarily be expected to [be tried] all in one judicial proceeding." *Osborn v. Haley*, 549 U.S.

22     225, 245 (2007) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Here,

23     Plaintiff's claims under the FMLA have a "common nucleus of operative fact" with her claims

24     under the CFRA and her wrongful termination claim because they are based on the exact same

25     allegations. Thus, this Court has original jurisdiction over Plaintiff's FMLA claims under 28

26     U.S.C. section 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28

27     U.S.C. section 1367. *See Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1139 (S.D. Cal. 2018)

28     (court held it had subject matter jurisdiction based on plaintiff's FMLA claims, and supplemental

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

jurisdiction over state law claims).

## VI.  REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION.

12.     Plaintiff's claims, as alleged in the Complaint, are also removable under 28 U.S.C. section 1332(a) (diversity of citizenship).  Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  *Id.*

### A.     The Parties Are Completely Diverse.

13.     Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

14.     For diversity purposes, an individual is a "citizen" of the state in which they are domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place they reside with the intention to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15.     The Complaint alleges that Plaintiff worked for Delta in San Jose, California.  Complaint, ¶ 5.  At the time of Plaintiff's termination from employment with Delta, Plaintiff advised that she had moved to Park City, Utah.  Declaration of Gary Gunnell ("Gunnell Decl.") ¶ 3.  Accordingly, while the alleged facts may have occurred in California, Plaintiff (at the time of her termination) was a citizen of Utah for purposes of this removal.  *See Bank One, Texas, N.A. v. Montle*, 964 F2d 48, 50 (1st Cir. 1992) (if a party claims a recent change of domicile, the burden of proof shifts to that party to show the requisite intent and physical presence); *McCann v. Newman Irrevocable Trust*, 458 F3d 281, 288 (3rd Cir. 2006) (same).  On information and belief, Plaintiff continues to reside in the State of Utah.

16.     Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business."  The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

1  the corporation's activities." *Id*. at 78.  The Court further clarified that the principal place of

2  business is the place where the corporation "maintains its headquarters – provided that the

3  headquarters is the actual center of direction, control, and coordination." *Id*.

4         17.     As of the date of the filing of this action, Delta was (and remains) a corporation

5  incorporated under the laws of the State of Delaware.  Gunnell Decl., ¶ 4.  Delta's principal place

6  of business and the location where its officers direct, control, and coordinate its corporate activities

7  was, at the time of the filing of this action, and still is, in Atlanta, Georgia.  Gunnell Decl., ¶ 5.

8  Therefore, at all material times, Delta has been a citizen of the States of Georgia and Delaware with

9  its principal place of business in the state of Georgia.  Delta is not now (nor has it been at any

10 relevant time to this action) a citizen of the State of California, as it is neither incorporated in

11 California nor does it maintain its principal place of business in California. Gunnell Decl., ¶ 6.

12        18.     Because, on information and belief, Plaintiff is a citizen of Utah, the alleged facts

13 occurred in California and Delta is a citizen of the States of Georgia and Delaware, complete

14 diversity exists pursuant to 28 U.S.C. section 1332(a).

15 **B.    The Amount-in-Controversy Requirement is Satisfied.**

16        19.     From the allegations of the Complaint, it is evident that the amount-in-controversy

17 exceeds $75,000, as required by 28 U.S.C. section 1332(a).  Where, as here, the complaint does not

18 specify a particular amount of damages, the removing defendant need only establish the amount in

19 controversy by a preponderance of evidence, *i.e.*, that it is more likely than not that the amount in

20 controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102

21 F.3d 398, 404 (9th Cir. 1996).[1]  A defendant may show the amount in controversy "by setting forth

22

23 ────────────────

24 [1] An evidentiary showing is needed only if the amount in controversy alleged in the removal notice
   is challenged.  "[A] defendant's notice of removal need include only a plausible allegation that the
   amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.,*

25 *LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "A removing defendant … need only allege facts
   sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence

26 supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, at *6 (C.D.
   Cal. June 16, 2014); see also *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th

27 Cir. 2008) (A notice of removal is sufficient "if it alleges that the parties are of diverse citizenship
   and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28

28 USC § 1332. …").

the *facts* in controversy ... that support a finding of the requisite amount." *Luckett v. Delta Airlines* [sic]*, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees where recoverable by statute.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

20.     Plaintiff alleges that she "has lost and will continue to lose income and benefits" as a result of Delta's conduct. Complaint, ¶ 25, 31, 39, 46, and 51.  Plaintiff further alleges that she "has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain, mental anguish" and that she seeks punitive damages and attorneys' fees. Complaint, ¶ 25, 31, 39, 46, 51, and Prayer for Relief.

21.     It is "more likely than not" that, if Plaintiff prevails on each of her causes of action and recovers the damages that she seeks for each claim, Plaintiff will recover more than $75,000.[2] *See Sanchez*, 102 F.3d at 403-404.  Plaintiff alleges that her employment was terminated on June 6, 2023. Complaint, ¶ 16.  At that time her annual compensation totaled (exclusive of the value of benefits) $76,500.  Gunnell Decl., ¶ 3.  Assuming Plaintiff would have continued working at her annual compensation, lost wages to date would be at least $27,951.85 (approximately 19 weeks since June 6, 2023 x $1,471.15 per week).  Because this case is still in the early pleading stage, it will not be ready for trial for at least another year, at which point Plaintiff's alleged lost income claim will have increased by approximately $76,500.

23.     While the details of Plaintiff's alleged emotional distress damages are not pled in the Complaint, Plaintiff claims that she has suffered and continues to suffer emotional distress.  *See* Complaint, ¶ 25, 31, 39, 46, and 51.  In cases alleging wrongful termination in violation of public

---

[2] By estimating the amounts Plaintiff may recover if she prevails, Delta does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Delta reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

CDF Labor Law LLP

2265934.2

1   policy, the emotional distress damages award alone often exceeds the $75,000 amount in

2   controversy requirement.  In *Karras v. Joan Baker Designs Inc.*, 2008 WL 8126132 (Orange

3   County Superior Court, August 13, 2008), the jury awarded the plaintiff $100,000 in emotional

4   distress damages where plaintiff alleged wrongful termination, violation of Labor Code § 970, and

5   marital status discrimination.

6        24.    Furthermore, in these types of wrongful termination cases, attorneys' fees alone are

7   often more than $75,000.  *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995)

8   (amount in controversy includes statutory or contractual attorneys' fees); *Goldberg v. CPC Int'l,*

9   *Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (amount in controversy includes potential recovery of

10   attorneys' fees which assumes that plaintiff prevails on underlying claims); *Martin v. The "Old"*

11   *Turner Inn*, 2003 WL 22416020 (Los Angeles County Superior Court, February 27, 2003)

12   (attorneys' fees and costs of $147,610 awarded in an action for wrongful termination in violation of

13   public policy and wage and hour claims).

14        25.    Finally, Plaintiff has requested an award of punitive damages, which must be

15   included in calculating the amount placed in controversy.  *Bell v. Preferred Life Assurance Soc'y*,

16   320 U.S. 238, 240-41 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is

17   well established that punitive damages are part of the amount in controversy in a civil action.");

18   *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive

19   damages are considered as part of the amount in controversy in meeting the prerequisite for

20   diversity jurisdiction).

21        26.    Given Plaintiff seeks the above-referenced forms of damages, her potential recovery

22   will far exceed the jurisdictional minimum of $75,000 if she were to prevail on her claims.  Other

23   courts have found the jurisdictional amount satisfied in employment lawsuits where the specified

24   damages were much less than the damages Plaintiff has specified here. *Simmons v. PCR*

25   *Technology,* 209 F. Supp. 2d 1029, 1031 (N.D. Cal. Mar. 8, 2012) (jurisdictional minimum was

26   satisfied in an employment discrimination case where plaintiff's lost wages totaled $25,600, but

27   plaintiff also sought unspecified amounts in attorney's fees, punitive damages, and emotional

28   distress damages); *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (jurisdictional

minimum was satisfied in a wrongful termination case even though Plaintiff had only specified $13,000 in damages from lost income because plaintiff also sought unspecified amounts for loss of pay, impaired earning capacity, pre-judgment interest, court costs, and emotional distress, attorneys' fees and punitive damages); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1996) (former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 for violation of contract, as well as additional tort damages and punitive damages).

27.     Based on the foregoing, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Accordingly, Delta may remove the action to this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

## VII.  <u>CONCLUSION</u>

28.     Based on the foregoing, this Court has jurisdiction under 28 U.S.C. section 1331 and 1441(c) because it is a civil action that presents a federal question.  Plaintiff brings claims under the federal statute the FMLA for which this court has original jurisdiction and state law claims based on the same allegations, for which this court has supplemental jurisdiction.  This Court also has jurisdiction based on diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a). Plaintiff is not a citizen of the same state as Delta, and Plaintiff's claims place more than $75,000 in controversy.  Thus, removal to federal court is proper.

29.     In the event this Court has a question regarding the propriety of this Notice of Removal, Delta requests that the Court issue an Order to Show Cause so that Delta may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages and/or citizenship.

WHEREFORE, Delta gives notice that the above-described action in the Superior Court of the State of California for the County of Santa Clara is removed to this Court.

///

///

///

///

///

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

CDF Labor Law LLP

2265934.2

1  Dated:  October 19, 2023

CDF LABOR LAW LLP
M. Leah Cameron

By: _____
Dawn M. Irizarry
Attorneys for Defendant
DELTA AIR LINES, INC.

DEFENDANT DELTA AIR LINES, INC.'S
NOTICE OF REMOVAL

CDF Labor Law LLP

2265934.2

EXHIBIT A

E-FILED
8/29/2023 12:51 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV421842
Reviewed By: R. Cachux

1  PAUL V. BENNETT, ESQ.
   State Bar No. 130225
2  **BENNETT LEGAL SERVICES, INC.**
3  18 Bartol Street, Suite 175
   San Francisco, CA 94133
4  *pbennett@bennettlaw.net*
   Tel: 410.353.4994
5  Attorney for Plaintiff
6  MARIA ELISABETH AQUINO
   aka LIZ AQUINO

7

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9    **FOR THE COUNTY OF SANTA CLARA– UNLIMITED JURISDICTION**

10                                              23CV421842

11  MARIA ELISABETH AQUINO aka LIZ        Case No.
    AQUINO,
12                                        **PLAINTIFF'S COMPLAINT FOR**
                                          **DAMAGES**
13                        Plaintiff,
                                          1. **Interference in Violation of the Family and**
14       v.                                  **Medical Leave Act of 1993 ("FMLA") 29**
                                             **USCS Ch. 28**
15                                        2. **Retaliation in Violation of the Family and**
                                             **Medical Leave Act of 1993 ("FMLA") 29**
16                                           **USCS Ch. 28**
17  DELTA AIR LINES, INC., and DOES 1     3. **Interference in Violation of the California**
    through 10, inclusive,                   **Family Rights Act ("CFRA") Cal. Gov.**
18                                           **Code § 12945.2**
                          Defendant.      4. **Retaliation in Violation of the California**
19                                           **Family Rights Act ("CFRA") Cal. Gov.**
                                             **Code § 12945.2**
20                                        5. **Wrongful Termination in Violation of**
                                             **Public Policy**
21

22

23        Comes now Plaintiff MARIA ELISABETH AQUINO aka LIZ AQUINO ("Plaintiff"), by

24  and through her attorney of record Paul V. Bennett of Bennett Legal Services, Inc. hereby

25  complains against DELTA AIR LINES, Inc. ("Defendant") and alleges as follows:

26                        <u>**GENERAL ALLEGATIONS**</u>

27     1.  Plaintiff, at all relevant times was an employee of Defendant.

28     2.  Defendant is a Delaware corporation with principal address at 1030 Delta Blvd., Dept.982,

                                          1

Atlanta, Georgia. At all relevant times, Defendant was Plaintiff's employer.

3.  The true name and capacities, whether individual, corporate or otherwise, of DOES 1 through 10 at this time are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this claim for damages to reflect their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible jointly and severally, for the events and injuries described herein and caused damages thereby as alleged herein.

4.  Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each and every co-defendant was and is the predecessor-in-interest, successor-in-interest, agent, counselor, employee, servant, partner, franchisee and/or joint venturer of each of other codefendant, and in doing the actions hereinafter mentioned, was and/or is acting within the scope of its authority within such agency, employment, counseling, service, partnership, franchise and/or joint venture or single enterprise, and with the permission and consent of each co-defendant. Plaintiff alleges that each of said defendants is responsible, jointly and severally, for the events and injuries described herein and caused damages thereby to plaintiff as alleged herein.

5.  On or about June 19, 2012, Defendant hired Plaintiff for the position of Seasonal Ready Reserve. During her employment with Defendant, Plaintiff was promoted several times and at the time of her termination on or about June 6, 2023, Plaintiff was holding the position of Operations Service Manager in San Jose, California.

6.  Plaintiff performed well at work, and earned positive feedback throughout her employment with Defendant.

7.  In or around December 2020, Plaintiff became ill with the deadly virus of COVID-19. As a result, Plaintiff requested and took a medical leave of absence, namely COVID-19 Pay Protection Leave, from December 4, 2020 through January 9, 2021.

8.   Upon returning from the COVID-19 Pay Protection Leave, Plaintiff was accused by her supervisor at the time, acting station manager Nick Degenhardt, of abusing the leave of absence. Further, Plaintiff was subjected to severe scrutiny and was repeatedly questioned about her COVID-19 symptoms and the leave.

9.   In addition, upon returning from leave, Plaintiff formally requested a transfer to the position of Operations Service Manager at the Salt Lake City station to be close to her family in Utah. Nonetheless, Plaintiff's request for transfer was denied. Instead, Plaintiff was offered the position of Customer Service Agent at the station in Salt Lake City. However, the offer for the position was rescinded before Plaintiff could accept it.

10. Plaintiff is informed and believes, and upon such information and belief, alleges that her request for transfer was denied in retaliation for taking the COVID-19 Pay Protection Leave.

11. Thereafter, Plaintiff suffered severe stress and anxiety, and requested a new medical leave of absence. Nonetheless, Plaintiff's request was denied. Specifically, Plaintiff was informed that she was not eligible for another paid leave but that she could apply for unpaid medical leave.

12. Subsequently, Plaintiff applied for Unpaid Medical Leave of Absence ("UMLOA") which was approved from April 17, 2021 and extended through April 16, 2023.

13. On March 23, 2022, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), now the California Civil Rights Department, alleging that Defendant interfered with her rights under California Family Rights Act ("CFRA") and denied her work opportunities in retaliation for taking the COVID-19 Pay Protection Leave.

14. On or about January 25, 2023, Plaintiff received a Right to Sue Letter from the California Civil Rights Department. Therefore, Plaintiff timely exhausted her administrative remedies by filing a complaint with the California Civil Rights Department and obtained the right to sue.

15. After the expiration of Plaintiff's UMLOA on April 16, 2023, Plaintiff attempted to request

more time to fully recover from the severe stress and anxiety; however, her request was denied.

16. Thereafter, on June 6, 2023, Defendant terminated Plaintiff.

17. Defendant's actions were undertaken for improper purposes as alleged above and were willful, oppressive and in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause Plaintiff to suffer severe emotional distress, pain and suffering, and substantial economic damage and, therefore, justify the awarding of exemplary and punitive damages.

## **FIRST CAUSE OF ACTION**
**[Interference in Violation of the Family and Medical Leave Act of 1993 ("FMLA")
29 USCS Ch. 28]**

18. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

19. Defendant is an employer covered by FMLA.

20. Plaintiff suffered from a serious illness namely COVID-19 which made her unable to perform the functions of her job.

21. Plaintiff was eligible for medical leave under the FMLA.

22. Plaintiff notified Defendant of her serious health condition and her need for medical leave.

23. Defendant interfered with Plaintiff's FMLA rights.

24. The conduct of Defendant, and each of its agents and employees, as described above, was despicable and was carried out with willful and conscious disregard for Plaintiff's rights. Defendant, its agents and employees were aware of the probable dangerous consequences of their conduct and willfully and deliberately failed to avoid those consequences. Defendant's conduct constituted malice, oppression or fraud such that Plaintiff is entitled to punitive damages under California law, Civil Code Section 3294, in an amount to punish Defendant or to set an example.

25. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain, mental anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Section 3287 and / or any other provision of law providing for prejudgment interest.

<u>**SECOND CAUSE OF ACTION**</u>
**[Retaliation in Violation of the Family and Medical Leave Act of 1993**
**29 USCS Ch. 28 ("FMLA")]**

26. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

27. Plaintiff was eligible for medical leave under the FMLA.

28.  Plaintiff requested and took a medical leave of absence.

29. Defendant denied Plaintiff her request for transfer to Defendant's location in Salt Lake City Utah, and terminated Plaintiff on June 6, 2023, in retaliation for Plaintiff taking protected medical leave of absence.

30. Plaintiff's request to take a medical leave and her taking of the medical leave was a negative factor in Defendant's decision to terminate and/or discriminate against Plaintiff.

31. The conduct of Defendant, and each of its agents and employees, as described above, was despicable and was carried out with willful and conscious disregard for Plaintiff's rights.  Defendant, its agents and employees were aware of the probable dangerous consequences of their conduct and willfully and deliberately failed to avoid those consequences.  Defendant's conduct constituted malice, oppression or fraud such that Plaintiff is entitled to punitive damages under California law, Civil Code Section 3294, in an amount to punish Defendant or to set an example.

32. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained

and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Section 3287 and / or any other provision of law providing for prejudgment interest.

## THIRD CAUSE OF ACTION
### [Interference in Violation of the California Family Rights Act ("CFRA") Cal. Gov. Code § 12945.2]

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

34. Defendant is an employer covered by CFRA.

35. Plaintiff suffered from a deadly virus namely COVID-19 which made her unable to perform the functions of her job.

36. Plaintiff was eligible for medical leave under CFRA.

37. Plaintiff notified Defendant of her serious health condition and her need for medical leave.

38. Defendant interfered with Plaintiff's CFRA rights.

39. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain, mental anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Section 3287 and / or any other provision of law providing for prejudgment interest.

## FOURTH CAUSE OF ACTION
### [Retaliation in Violation of the California Family Rights Act ("CFRA") Cal. Gov. Code § 12945.2]

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

41. Defendant is an employer covered by CFRA.

42. Plaintiff was eligible for medical leave under CFRA.

43. Plaintiff requested and took a medical leave.

44. Defendant denied Plaintiff her request for transfer to Defendant's location in Salt Lake City Utah, and terminated Plaintiff on June 6, 2023, in retaliation for Plaintiff taking protected medical leave of absence.

45. Plaintiff's request to take a medical leave and her taking of the medical leave motivated Defendant's decision to terminate and/or discriminate against Plaintiff.

46. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain, mental anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Section 3287 and / or any other provision of law providing for prejudgment interest.

### FIFTH CAUSE OF ACTION
**(Wrongful Termination in Violation of Public Policy)**

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

48. Plaintiff was employed by Defendant.

49. Defendant terminated Plaintiff.

50. Defendant terminated Plaintiff in violation of FMLA and CFRA, which constitutes a termination in violation of public policy.

51. As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has sustained and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain, mental anguish and has lost and will continue to lose income and benefits in an amount to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code Section 3287 and / or any other provision of law providing for prejudgment interest.

52. The conduct of Defendant, and each of its agents and employees, as described above, was despicable and was carried out with willful and conscious disregard for Plaintiff's rights. Defendant, its agents and employees were aware of the probable dangerous consequences of their conduct and willfully and deliberately failed to avoid those consequences. Defendant's conduct constituted malice, oppression or fraud such that Plaintiff is entitled to punitive damages under California law, Civil Code Section 3294, in an amount to punish Defendant or to set an example.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief as follows:

1. Economic damages for lost wages, employment benefits, and other compensation as a result of Defendant's wrongful conduct, plus interest;

2. Noneconomic damages for pain and suffering and emotional distress;

3. Punitive damages;

4.  Statutory attorney's fees;

5. Costs of suit; and

6. Such other relief as the court deems.

Dated:  08/25/2023                                    **BENNETT LEGAL SERVICES, INC.**

                                            By: *Paul Bennett*
                                                  Paul V. Bennett
                                                  Attorney for Plaintiff
                                                  MARIA ELISABETH AQUINO
                                                  aka LIZ AQUINO

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Paul V. Bennett, Esq. - BENNETT LEGAL SERVICES, INC. - State Bar No. 130225<br>18 Bartol Street, Suite 175, San Francisco, CA 94133<br><br>TELEPHONE NO.: 410.353.4994    FAX NO. (Optional):<br>E-MAIL ADDRESS: pbennett@bennettlaw.net<br>ATTORNEY FOR (Name): Plaintiff MARIA ELISABETH AQUINO  aka LIZ AQUINO | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/29/2023 12:51 PM
Reviewed By: R. Cachux
Case #23CV421842
Envelope: 12882848

CASE NAME:
Maria Elisabeth Aquino aka Liz Aquino v. Delta Air Lines, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 23CV421842 |
|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $25,000) [ ] **Limited**<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): Five (5)
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:
Paul V. Bennett, Esq.
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELTA AIR LINES, INC., and DOES 1 through 10, inclusive,


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIA ELISABETH AQUINO aka LIZ AQUINO

E-FILED
8/29/2023 12:51 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV421842
Reviewed By: R. Cachux
Envelope: 12882848

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Downtown Superior Court<br><br>191 North First Street, San Jose, CA 95113 | **CASE NUMBER:**<br>*(Número del Caso:)*  23CV421842 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PAUL V. BENNETT, ESQ., BENNETT LEGAL SERVICES, INC., 18 Bartol Street, Suite 175, San Francisco, CA 94133; 410.353.4994

| | | | |
|---|---|---|---|
| DATE: 08.25.2023<br>*(Fecha)* 8/29/2023 12:51 PM | Clerk of Court | Clerk, by<br>*(Secretario)* R. Cachux | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

23CV421842
Santa Clara – Civil

R. Fleming

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Paul V. Bennett, Esq.        SBN 130225<br>Bennett Legal Services, Inc.<br>18 Bartol Street, Suite 175<br>San Francisco, CA 94133-4501<br>    TELEPHONE NO:  410-353-4994          FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  pbennett@bennettlaw.net<br>    ATTORNEY FOR *(Name)*:  Plaintiff Maria Elisabeth Aquino aka Liz Aquino | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 9/21/2023 11:12 AM**<br>**Reviewed By: R. Fleming**<br>**Case #23CV421842**<br>**Envelope: 13089275** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
  STREET ADDRESS:  191 North First Street
  MAILING ADDRESS:  191 North First Street
  CITY AND ZIP CODE:  San Jose, CA 95113
  BRANCH NAME:  Downtown Superior Court

| PLAINTIFF / PETITIONER:   MARIA ELISABETH AQUINO aka LIZ AQUINO<br>DEFENDANT / RESPONDENT:   DELTA AIR LINES, INC. | CASE NUMBER:<br>23CV421842 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>9582504 (CSC- Delta Air Lines) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X]  summons
   b. [X]  complaint
   c. [ ]  Alternative Dispute Resolution (ADR) package
   d. [X]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [X]  other *(specify documents)*:    Civil Lawsuit Notice; Alternative Dispute Resolution Information Sheet Civil Division
3. a.  Party served *(specify name of party as shown on documents served)*:
      DELTA AIR LINES, INC.
   b. [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom
          substituted service was made) *(specify name and relationship to the party named in item 3a)*:
          CSC - LAWYERS INCORPORATING SERVICE, Agent for Service, by serving Nicole Stauss
4. Address where the party was served:
   2710 Gateway Oaks Dr, Suite 150N, Sacramento, CA 95833-3502
5. I served the party *(check proper box)*
   a. [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party (1) on *(date)*:  Tue, Sep 19 2023        (2) at *(time)*:  01:38 PM
   b. [ ]  **by substituted service.** On *(date)*:                    at *(time)*:                      I left the documents listed in
          item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
              served. I informed him or her of the general nature of the papers.
      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
              party. I informed him or her of the general nature of the papers.
      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person
              to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the
              papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
              where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
              from *(city)*:                                        or [ ] a declaration of mailing is attached.
      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

| PLAINTIFF / PETITIONER:   MARIA ELISABETH AQUINO aka LIZ AQUINO | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   DELTA AIR LINES, INC. | 23CV421842 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*       (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):*   Delta Airline, Inc.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☐  other: | |

7.  **Person who served papers**

  a.  Name:               Sheila Allen / Colleen M. Dennis, Santa Barbara County #180

  b.  Address:           315 Meigs Road, A130, Santa Barbara, CA 93109

  c.  Telephone number:    805-455-8099

  d.  The fee for service was:

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☐  owner  ☐  employee  ☒  independent contractor

      (ii)  Registration No:  PS-0004

      (iii)  County:   El Dorado

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:   September 20, 2023

Sheila Allen

_____      _____
 (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)          (SIGNATURE)

1  CDF LABOR LAW LLP
2      Dawn M. Irizarry, State Bar No. 223303
       dirizarry@cdflaborlaw.com
       M. Leah Cameron, State Bar No. 274637
3      lcameron@cdflaborlaw.com
   707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
   Telephone:  (213) 612-6300
5
   Attorneys for Defendant
6  DELTA AIR LINES, INC.

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SANTA CLARA**

10

11  MARIA ELISABETH AQUINO aka LIZ          )  Case No. 23CV421842
    AQUINO,                                 )
12                                          )  **DEFENDANT DELTA AIR LINES, INC'S**
                  Plaintiff,                )  **ANSWER TO PLAINTIFF MARIA**
13         vs.                              )  **ELIZSABETH AQUINO'S COMPLAINT**
                                            )
14  DELTA AIR LINES, INC., and DOES 1       )  Action Filed:   August 29, 2023
    through 10, inclusive,,                 )
15                                          )
                  Defendant.                )
16  _____ )

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DELTA AIR LINES, INC'S
ANSWER TO PLAINTIFF'S COMPLAINT

2265933.1

1         Defendant DELTA AIR LINES, INC., ("Delta") hereby answers Plaintiff MARIA

2 ELISABETH AQUINO aka LIZ AQUINO's ("Plaintiff") Complaint as follows:

3 **GENERAL DENIAL**

4         Pursuant to the provisions of § 431.30(d) of the California *Code of Civil Procedure*, Delta

5 denies, generally and specifically, each and every allegation in Plaintiff's Complaint.  Delta further

6 denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason

7 of any acts or omissions on the part of Delta.  Delta further denies that Plaintiff has sustained any

8 injury, damage or loss by reason of any conduct, action, error or omission on the part of Delta.

9 **AFFIRMATIVE DEFENSES**

10         Delta has not completed its investigation of the facts of this case, has not completed

11 discovery in this matter, and has not completed its preparation for trial.  Further, Plaintiff has not

12 adequately alleged her damages, and has failed to set forth her claims with sufficient particularity

13 to permit Delta to raise all affirmative defenses.  The affirmative defenses asserted herein are based

14 on Delta's knowledge, information, and belief at this time, and Delta specifically reserves the right

15 to modify, amend, or supplement any affirmative defense contained herein at any time.

16         Without conceding that it bears the burden of proof or persuasion as to any one of them,

17 Delta alleges the following separate affirmative defenses to the Complaint:

18 **FIRST AFFIRMATIVE DEFENSE**

19 (Failure To Allege Facts Sufficient To State A Cause of Action)

20      1.       Plaintiff's Complaint, and each and every purported cause of action alleged therein,

21 fail to state facts sufficient to constitute a cause of action upon which relief can be based.

22 **SECOND AFFIRMATIVE DEFENSE**

23 (Workers' Compensation Act Preemption)

24      2.       Insofar as Plaintiff alleges she has suffered from any physical or emotional injury as

25 a result of Delta's conduct, her claim is subject to the exclusive remedy provided by the California

26 Workers' Compensation statutes, including California Labor Code sections 3601, *et seq.*

27

28

DEFENDANT DELTA AIR LINES, INC'S
ANSWER TO PLAINTIFF'S COMPLAINT

CDF Labor Law LLP

2265933.1

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

3.      If Plaintiff has suffered any damages as a result of the facts alleged in the Complaint, which Delta denies, on information and belief, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred, if any.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Take Advantage of Preventive / Corrective Opportunities)

4.      The claims in the Complaint are barred, in whole or in part, because Delta provided procedures and opportunities for reporting conduct of the kind alleged, and Plaintiff failed to take advantage of such procedures and opportunities.

**FIFTH AFFIRMATIVE DEFENSE**

(Non-Discriminatory/Non-Retaliatory Reasons)

5.      The claims in the Complaint are barred, in whole or in part, because although Delta did not commit the acts or omissions alleged in the Complaint for discriminatory or retaliatory reasons, even if they had, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons.

**SIXTH AFFIRMATIVE DEFENSE**

(Reasonableness and Good Faith)

6.      Delta and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

7.      Delta is informed and believes and, on such information and belief, alleges that Plaintiff is barred and estopped from bringing the cause of action set forth in her Complaint due to Plaintiff's unclean hands as to her conduct related to the subject matter of the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

(Waiver, Estoppel, and/or Consent)

8.      Plaintiff's claims, if any, are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or consent.

**NINTH AFFIRMATIVE DEFENSE**

(Laches)

9.      Plaintiff's claims, if any, are barred, in whole or in part, by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

10.      Plaintiff's claims are barred in whole or in part and/or Plaintiff's request for damages must be reduced by virtue of the after-acquired evidence doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Business Necessity)

11.      Delta alleges, without admitting that it engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were undertaken for business necessity or for lawful business reasons and because Delta had good cause to terminate the employment relationship.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Entitlement to Punitive or Exemplary Damages)

12.      Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts of this specific action, would violate the constitutional rights of Delta under provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Knowledge Justifying Punitive or Exemplary Damages)

13.      Plaintiff is not entitled to recover punitive or exemplary damages from Delta for the

CDF Labor Law LLP

2265933.1

acts alleged in the Complaint, on the grounds that none of Delta's officers, directors or managing agents committed the alleged acts, nor authorized or ratified them, nor did Delta or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed said acts, nor did Delta employ said employees with a conscious disregard of the rights or safety of others, nor did Delta or its officers, directors or managing agents act maliciously, fraudulently, oppressively, or with the wrongful intent of injuring Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Legitimate Justification/Good Faith)

14.     Delta's actions with respect to the subject matters alleged in the Complaint were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means to further the sole purpose of Delta to engage in and continue its lawful business activities.  By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action/causes of action contained in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Plaintiff's Own Conduct and/or Fault of Others)

15.     Each of Plaintiff's causes of action are barred, in whole or in part, because if Plaintiff sustained any damage, injury or detriment as alleged in the Complaint, such injury was caused by her own conduct and/or the fault of others for whose conduct Delta is not liable.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Tangible Loss of Benefits)

16.     Plaintiff's Complaint, and each purported cause of action therein, are barred because Plaintiff did not suffer any tangible loss of employment benefits as a direct and proximate result of the alleged conduct by Delta.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Statutes of Limitations)

17.     The alleged claims set forth in the Complaint are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to 29 U.S.C. § 2617, California Government Code § 12965, California Code of Civil Procedure §§ 335.1, 338, 340, and 343.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Offset)

18.     If Plaintiff sustained any damages as a result of the conduct alleged in the Complaint, which Delta continues to deny, then Delta is entitled to an offset to the extent Plaintiff received income from other sources, including but not limited to, unemployment benefits and subsequent employment.

## NINETEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees)

19.     The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

## TWENTIETH AFFIRMATIVE DEFENSE

(Speculative Damages)

20.     Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain and speculative to permit recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Entitlement to Leave)

21.     On information and belief, Plaintiff's claims that Delta violated the CFRA/FMLA are barred in whole or in part, on the grounds that Plaintiff did not meet the prerequisites to entitlement for leave under those laws.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Covered Condition)

22.     Plaintiff's claims are barred in whole or in part, to the extent that Plaintiff did not have a "serious health condition" as defined under the CFRA or FMLA.  Further, Plaintiff's claims are barred in whole or in part, to the extent that Plaintiff was not disabled by pregnancy, childbirth, or related medical conditions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

23.     The claims in the Complaint are barred, in whole or in part, to the extent that the allegations contained therein do not reasonably fall within the scope of any claims made in any

CDF Labor Law LLP

2265933.1

administrative complaint or charge filed by Plaintiff with the California Department of Fair Employment and Housing and/or the United States Equal Employment Opportunity Commission.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Violation of Fundamental Public Policy)

24. Plaintiff's claim for wrongful termination in violation of public policy is barred because Delta did not violate any fundamental public policy with respect to Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Managerial Discretion)

25. Plaintiff's Complaint and each and every purported cause of action therein are barred, in whole or in part, because the conduct giving rise to the allegations in the Complaint was a just and proper exercise of managerial discretion by Delta and undertaken for fair and honest reasons under the circumstances.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Entitlement to Emotional Distress Damages)

26. Plaintiff is not entitled to recover any compensatory or other monetary damages from Delta for any alleged vexation, injury or annoyance, or physical, mental or emotional distress or discomfort, on the grounds that Delta was not the cause of those alleged damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(At-Will Employment)

27. The claims in the Complaint are barred, in whole or in part, because Plaintiff's employment relationship with Delta was governed by California Labor Code § 2292 and, therefore, was terminable at will, so that Plaintiff has no claim for relief based on the termination of her employment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Frivolous, Unreasonable and Groundless Lawsuit)

28. To defend Plaintiff's frivolous, unfounded and unreasonable action, Delta is entitled to an award of reasonable attorney's fees pursuant to California Code of Civil Procedure section 128.5.

1

**PRAYER FOR RELIEF**

2

**WHEREFORE**, Delta prays for judgment against Plaintiff as follows:

3
    1.    That judgment be entered in favor of Delta and against Plaintiff;

4
    2.    That Plaintiff's Complaint and each cause of action therein be dismissed with

5
prejudice;

6
    3.    That Delta be awarded its costs incurred herein, and reasonable attorneys' fees; and

7
    4.    That the Court orders such other and further relief for Delta as the Court may deem

8
just and proper.

9

10
Dated:  October 18, 2023          CDF LABOR LAW LLP
                                  M. Leah Cameron

11

12
                                  By: _____

13
                                           Dawn M. Irizarry
                                  Attorneys for Defendant

14
                                  DELTA AIR LINES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

3          STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

4

5          I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 600 Montgomery Street, Suite 440, San Francisco, CA 94111.  On October 18, 2023, I served upon the

6    interested party(ies) in this action the following document described as:

7          **DEFENDANT DELTA AIR LINES, INC'S ANSWER TO PLAINTIFF'S COMPLAINT**

8

9          By the following method:

10         Paul V. Bennett
           BENNETT LEGAL SERVICES, INC.
           18 Bartol St., Ste 175
11         San Francisco, CA 94133
           Tel: 410.353.4994

12

13         E-MAIL: pbennett@bennettlaw.com

           For processing by the following method:

14

15    ☒    **(via designated electronic filing service)**  Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service address listed above by submitting an electronic version of the document(s) to One Legal, LLC, through the user interface at

16         www.onelegal.com.  For represented parties, I confirmed the appropriate electronic service address for the counsel being served.  For unrepresented parties, if any, the unrepresented

17         part(ies) have expressly consented to electronic service.

18         I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

20         I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

21         Executed on October 18, 2023, at San Francisco, California.

22

23    _____          _Tai Washington_
              Tai Washington                         (Signature)
            (Type or print name)

24

25

26

27

28

                                                    9          DEFENDANT DELTA AIR LINES, INC'S
                                                               ANSWER TO PLAINTIFF'S COMPLAINT

2265933.1

1   CDF LABOR LAW LLP
        Dawn M. Irizarry, State Bar No. 223303
2       dirizarry@cdflaborlaw.com
        M. Leah Cameron, State Bar No. 274637
3       lcameron@cdflaborlaw.com
    707 Wilshire Boulevard, Suite 5150
4   Los Angeles, CA 90017
    Telephone:  (213) 612-6300
5
    Attorneys for Defendant
6   DELTA AIR LINES, INC.

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                            **COUNTY OF SANTA CLARA**

10

11  MARIA ELISABETH AQUINO aka LIZ          )   Case No. 23CV421842
    AQUINO,                                 )
12                                          )   **PROOF OF SERVICE BY MAIL RE**
                    Plaintiff,              )   **DEFENDANT'S ANSWER TO**
13          vs.                             )   **PLAINTIFF'S COMPLAINT**
                                            )
14  DELTA AIR LINES, INC., and DOES 1       )   Action Filed:   August 29, 2023
    through 10, inclusive,                  )
15                                          )
                    Defendant.              )
16  _____ )

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action.  My business address is 600 Montgomery Street, Suite 440, San Francisco, CA 94111.  On October 18, 2023, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

By the following method:

Paul V. Bennett
BENNETT LEGAL SERVICES, INC.
18 Bartol St., Ste 175
San Francisco, CA 94133
Tel: 410.353.4994

E-MAIL: pbennett@bennettlaw.net

For processing by the following method:

[X]   By placing such envelope(s) with postage thereon fully prepaid into CDF Labor Law LLP's interoffice mail for collection and mailing pursuant to ordinary business practice.  I am familiar with the office practice of CDF Labor Law LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the CDF Labor Law LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in San Francisco, California.

[X]   **(Electronic service)**  Pursuant to CCP 1010.6, I caused the documents to be sent to the persons at the electronic service addresses listed above.  For represented parties, I confirmed the appropriate electronic service address for the counsel being served.  For unrepresented parties, if any, the unrepresented party(ies) have expressly consented to electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 19, 2023, at San Francisco, California.

_____       _____
        Tai Washington                                              *Tai Washington*
        (Type or print name)                                      (Signature)

PROOF OF SERVICE BY MAIL RE
DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT

CDF Labor Law LLP

2284727.1